UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tenn Slices, LLC, et al,                                    Case No. 3:20-cv-02141

        Plaintiffs

   v.                                                                TEMPORARY RESTRAINING
                                                              ORDER

Marco's Franchising, LLC,

        Defendant.

## I.  INTRODUCTION

Plaintiffs Tenn Slices, LLC, and Bradley Davis filed suit against Defendant Marco's Franchising, LLC, following a dispute over Marco's informing Tenn Slices of its intent to terminate a contract between the parties.  Plaintiffs filed a motion for a preliminary injunction with temporary restraints.  I will treat this as both a motion for a temporary restraining order and a motion for a preliminary injunction.  Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction.

On September 24, 2020, I conducted a hearing to address Plaintiffs' motion for a temporary restraining order and Defendant's motion to dismiss.  For the reasons discussed below, I grant Plaintiff's motion for a temporary restraining order and hold in abeyance Plaintiffs' motion for a preliminary injunction pending a hearing on the matter to take place on October 2, 2020.  I also hold in abeyance Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

## II.     BACKGROUND

On September 2, 2009, Tenn Slices entered into an Area Representative Agreement (ARA) with Marco's, under which Tenn Slices would develop and service Marco's franchises in the territory in and around Knoxville, Tennessee.  On September 2, 2019, pursuant to the terms of the ARA, the parties renewed the agreement for another five years.  Separately, on June 30, 2020, Davis entered into an agreement with Jeremiah's Italian Ice to serve as an area representative for the Jeremiah's system.

On August 13, 2020, Tenn Slices received a Notice of Default (NOD) from Marco's, which stated that Tenn Slices was in default because Davis signing a contract to serve as an area representative for Jeremiah's violated various provisions of the ARA.  The NOD also informed Tenn Slices that the ARA would be terminated unless Tenn Slices took steps to cure the default and be in full compliance with the ARA within thirty days.  Finally, the NOD informed Tenn Slices that Marco's believed Davis signing an agreement with Jeremiah's constituted a "material deficiency," as that term is used in the ARA, meaning that Marco's had the right to exercise its "step in" rights under the ARA and directly service stores in Tenn Slices' territory under the agreement.  (Doc. No. 3-2 at 267).

Tenn Slices responded through counsel on September 2, 2020, disputing Marco's contention that Davis's agreement with Jeremiah's meant Tenn Slices was in violation of the ARA.  After receiving no response to the September 2 letter, Tenn Slices sent another letter on September 11, 2020, this time informing Marco's that Davis had terminated his agreement with Jeremiah's to cure the alleged default.  Marco's claimed it did not see this letter, and on September 14, 2020, it sent Tenn Slices a Notice of Termination (NOT), which stated that the ARA between the parties had been terminated.

The parties attempted to confer and resolve the issue after Marco's realized that Tenn Slices had apparently cured the default as of September 11, 2020, but they were unable to agree on the appropriate level of documentation Tenn Slices would have to provide to establish that any alleged default had been cured.  Following all of this, Tenn Slices filed suit seeking injunctive relief to prevent Marco's from terminating the contract despite its claim that it cured the alleged default when Davis rescinded his agreement with Jeremiah's.

### III.  DISCUSSION

**A.  Subject Matter Jurisdiction**

Bradley Davis is the principal of Tenn Slices, and one of its three members.  All three members are domiciled in Tennessee for the purposes of diversity jurisdiction.  Defendant Marco's is a limited liability company with one member, Marco's Pizza Holdings, LLC.  Because this member, MPH, is itself a limited liability company, the Court must eventually identify the members of MPH and determine where they are domiciled to determine whether the prerequisites for diversity jurisdiction have been satisfied.  After discussing this issue during the September 24, 2020 hearing, the Court has decided it will set a schedule for discovery and briefing on the jurisdiction issue in due course.

In the meantime, as a corollary to its ability to exercise jurisdiction to determine whether jurisdiction exists, *see Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007), the Court will address the Plaintiffs' motion for a temporary restraining order so that, if appropriate, the status quo is maintained while the jurisdictional questions are determined.  Defendant's motion to dismiss based on a lack of subject matter jurisdiction is held in abeyance pending further discovery concerning the citizenship of the members of MPH.

**B. Temporary Restraining Order**

Rule 65 of the Federal Rules of Civil Procedure provides that a court may issue a temporary restraining order ("TRO") if the movant can "clearly show that immediate and irreparable injury, loss, or damage will result" in the absence of such relief. Fed. R. Civ. P. 65(b)(1)(A). "[T]he purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of the dispute may be had." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). In determining whether the movant has satisfied his burden, the court will consider the following factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Summit Cnty. Democratic Cent. & Exclusive Comm. v. Blackwell*, 388 F.3d 547, 550-51 (6th Cir. 2004) (quoting *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). "As long as there is some likelihood of success on the merits, these factors are to be balanced, rather than tallied." *Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 527 (6th Cir. 2017) (further citation omitted).[1]

1. *Likelihood of Success on the Merits*

Based on the information before the Court thus far, Plaintiffs have shown they have a substantial likelihood of success on the merits. Plaintiffs' motion and accompanying documents provide enough support to conclude, for the purposes of preserving the status quo until a hearing on October 2, 2020, that they cured any alleged default within the thirty-day period provided by Marco's notice of default. That said, to prevail on their motion for a preliminary injunction,

---

[1] Although *Hall* dealt with a motion for a preliminary injunction, I find it instructive here given that analyzing a motion for a preliminary injunction entails relying on the same four factors that are used to evaluate a request for a temporary restraining order. *See Summit*, 388 F.3d at 550.

4

Plaintiffs will likely have to provide more documentation in support of their claim that the agreement between Davis and Jeremiah's has been rescinded.

2. *Irreparable Injury to Movant*

An injury is irreparable if it is not fully compensable by monetary damages. *Southern Glazer's Distrib.'s of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 852 (6th Cir. 2017). One example of irreparable injury is loss of customer goodwill. Id.

During the September 24, 2020 hearing, Plaintiffs argued they were suffering a loss of goodwill by virtue of Marco's stepping in to operate the market, and Marco's telling franchisees not to work with Tenn Slices anymore. Plaintiffs argued that this implied that Tenn Slices had done something wrong, an implication which harmed Tenn Slices' reputation. Marco's disputed these allegations and presented its own characterization of what had taken place. At this point, there is not enough evidence to come to any definite conclusions about the type or extent of harm that Plaintiffs have suffered. But because Plaintiffs present plausible allegations of irreparable harm, and the relief they seek is limited to maintaining the status quo until a hearing on the motion for a preliminary injunction, I find this factor supports granting a temporary restraining order.

3. *Substantial Harm to Others*

Tenn Slices contends that an injunction is necessary to prevent harm to others that would be impacted by the domino effect created by Marco's terminating the ARA. Marco's has not identified any specific harm it or others would suffer if a temporary restraining order was issued in this case. Because neither party has presented any specific evidence of the harm that others might suffer if a temporary restraining order was or was not issued, I find this factor does not point strongly in either direction.

5

4. *Public Interest*

Tenn Slices argues that no important public policies are implicated by the issuance of injunctive relief here other than the general public interest in the enforcement of voluntarily assumed contracts. But whether the public interest is served by requiring Marco's to continue honoring this contract is wrapped up in the question of whether Marco's is entitled to terminate the agreement based on the alleged breach by Tenn Slices. Because there is nothing to suggest that the public interest points in either direction here, this factor does not carry great weight in the current analysis.

5. *Conclusion*

Weighing the above factors together, I conclude Tenn Slices is entitled to a temporary restraining order prohibiting Marco's from terminating the ARA with Tenn Slices. Unless otherwise noted, this restraint on Marco's conduct shall remain in effect for fourteen (14) days following its issuance.

### IV. CONCLUSION

Plaintiffs' motion for a temporary restraining order is granted. Plaintiffs' motion for a preliminary injunction is held in abeyance pending a hearing on October 2, 2020, at 10:00 AM to hear further evidence and argument on the matter. Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is held in abeyance pending a final determination of Marco's citizenship for diversity purposes. I will set a schedule for discovery and briefing regarding the jurisdictional question in due course.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge